IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ERNESTO RENDON,<br>Institutional ID No. 216411,<br><br>    Plaintiff,<br><br>v.<br><br>B. GOSWICK, *et al.*,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§    CIVIL ACTION NO. 5:21-CV-278-BQ<br>§<br>§<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION AND ORDER OF TRANSFER**

The Honorable Sam R. Cummings, Senior United States District Judge, transferred this case to the undersigned United States Magistrate Judge by order dated January 31, 2022. ECF No. 13. In accordance with said order, the undersigned conducted preliminary screening as described in 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and determined that pro se Plaintiff Ernesto Rendon's individual capacity claim against Defendant Tye B. Edwards for excessive use of force survives preliminary screening. ECF No. 23. Consequently, the Court entered an order requiring Defendant to answer or otherwise plead to Rendon's claim. *Id.* Defendant Edwards filed his Answer on October 13, 2022. ECF No. 27. As of today's date, all parties have not consented to jurisdiction by the magistrate judge. Upon review of Defendant's Answer, it is the opinion of the undersigned that this matter must be transferred to the district judge for further proceedings.

**I.  Discussion**

The undersigned previously found that Rendon's claim for excessive force survives preliminary screening.[1] *See* ECF No. 23, at 8–9. The Court addresses this claim below.

---

[1] The Court concluded that Rendon's (1) claims against Defendants Goswick and a "Ranking Officer," and (2) any official capacity claim against Defendant Edwards failed to state a claim for relief and dismissed them through the same order. *See* ECF Nos. 23, 24.

Rendon's use of force claim arises under the Fourth Amendment because he sustained an alleged injury when Defendant Edwards effectuated his arrest. *See* Compl. 4, ECF No. 1;[2] Questionnaire 1, ECF No. 17; *see Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Today we make explicit what [has been] implicit . . . and hold that *all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard . . . ." (internal quotation marks omitted)); *Estate of Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021).

To sufficiently state an excessive force claim, an arrestee must demonstrate that he suffered: "(1) an injury, (2) that resulted directly from an officer's use of force, and (3) that the force used was objectively unreasonable." *Aguirre*, 995 F.3d at 406 (internal quotation marks omitted). "The objective reasonableness of the force . . . depends on the facts and circumstances of the particular case, such that the need for force determines how much force is constitutionally permissible." *Bush v. Strain*, 513 F.3d 492, 501 (5th Cir. 2008). In evaluating the objective reasonableness of an officer's use of force, courts consider the following non-exclusive factors: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (quoting *Graham*, 490 U.S. at 396).

The authenticated records and body-worn camera footage reflect that on the evening of September 17, 2021,[3] officers responded to a 9-1-1 call to "check a subject" who was standing on the second-story overhang of a parking garage, "yelling and screaming." Upon arrival, officers

---

[2] Page citations to Rendon's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

[3] Rendon contends the incident occurred September 16. Compl. 4.

observed an individual (who they later learned was Rendon) behaving erratically and refusing to climb down from the overhang. *See, e.g.*, Goswick Video I 04:13–06:30, 51:25–53:30. Rendon contends that he was suffering from paramnesia and paranoid schizophrenia. Suppl. Questionnaire 4, ECF No. 22.

At some point, officers called the Lubbock Fire Department to bring a ladder to assist Rendon in climbing down. *See, e.g.*, Goswick Video I 28:00–29:40. Rendon acted as though he was going to come down several times, but he ultimately refused to descend of his own volition. *See, e.g.*, Goswick Video I 28:00–29:40, 1:14:05–:36:45. During their negotiations, Officers Goswick and Edwards, as well as another officer, moved to the second story of the parking garage where Rendon was located. The officers' reports indicate that Rendon removed an object from his sock, which officers later learned was a nail. At times, Rendon placed the nail against his temple and throat. He also threatened the officers several times, saying "I'll f***ing stab you" and expressing his "goal" to kill the officers. Goswick Video II 1:49:15–:50:05; Edwards Video II 1:50:00–:45. Rendon then advanced toward Officer Edwards and stated, "Come here, b**ch." Edwards Video II 1:52:27–:31; Goswick Video II 1:51:40–:46.

In response, Officer Edwards tased Rendon (after approximately four hours of negotiations), causing Rendon to fall from the second-story overhang to the ground. Edwards Video II 1:52:31–:40; Goswick Video II 1:51:46–:51; Compl. 4; Questionnaire 1. Rendon contends that as a result of being tased and falling from the ledge, he suffered "trauma injury to [his] spine, back, neck, right arm, right leg, sciatic nerve . . . , strength loss of left limbs, [and a] nose fracture." Questionnaire 2 (cleaned up).

Accepting Rendon's allegations as true, as the Court must at this stage of the proceedings, the Court finds—for the reasons set forth in its September 23, 2022, order (ECF No. 23, at 8–9)—

3

his factual assertions state a claim sufficient to survive preliminary screening, i.e., a Fourth Amendment excessive force claim against Defendant Edwards.

Given the timeframe set forth by the district judge in the referral order, it appears prudent to transfer the case back to the district judge for implementation of a scheduling order. Because Defendant Edwards has asserted the affirmative defense of qualified immunity, it is the undersigned's **RECOMMENDATION** that the United States District Judge enter a limited scheduling order, requiring Defendant to file a dispositive motion for the purpose of making a preliminary determination on qualified immunity. *See* ECF No. 27, at 2 (raising several defenses, including qualified immunity). Alternatively, the undersigned recommends that a Rule 16 scheduling order be entered, setting dates certain for pretrial deadlines and filing dispositive motions.

It is therefore **ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action Number 5:21-CV-278-C.

## II.    Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved

party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: October 17, 2022.

                                                D. GORDON BRYANT, JR.
                                                UNITED STATES MAGISTRATE JUDGE