IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ERNESTO RENDON, § | |
| Institutional ID No. 2319954 § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:21-CV-00278-C |
| § | |
| TYE B. EDWARDS,[1] § | |
| § | |
| Defendant. § | |

## ORDER

The United States Magistrate Judge entered his Report and Recommendation on October 17, 2022, recommending that the Court enter a limited scheduling order, requiring Defendant Tye Edwards to file a motion for the purpose of making a preliminary determination on qualified immunity. (Doc. 29). No objections were filed.

The Court reviewed the Report and Recommendation of the Magistrate Judge for plain error. Finding none, the Court **ADOPTS** the findings, conclusions, and recommendation of the United States Magistrate Judge. Accordingly, the Court will enter the following limited scheduling order for the purpose of promptly resolving the qualified-immunity issue.

**1.      Motion on Qualified Immunity**

Defendant Edwards appeared in this case and asserted the affirmative defense of qualified immunity in his answer to the complaint. (*See* Doc. 27.) The Court is mindful of the general rule that "a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation." *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021)

---

[1] The caption of this case is changed to reflect that Officer Tye B. Edwards is the sole remaining defendant.

(citing *Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985)); *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009).  Ordinarily, that comes at the motion-to-dismiss stage.  But here, Defendant Edwards did not file a motion to dismiss the remaining claim before he filed his answer; thus, the Court has not yet had an opportunity to rule on the immunity question.  *See* Fed. R. Civ. P. 12(b).

As a result, the Court orders that Defendant Edwards must file a motion on the issue of qualified immunity—either a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) or a motion for summary judgment—**no later than January 16, 2023**.[2]  Plaintiff may file a response to Defendant's motion **no later than 30 days** from the date shown on the certificate of service attached to the motion.  The defendant's motion, any response, and any reply must comply with the requirements of the Local Civil Rules of this Court.

**2.    Discovery**

Discovery will remain stayed pending a ruling on the anticipated motion on qualified immunity or further order from the Court.  *See Carswell v. Camp*, 37 F.4th 1062, 1066–67 (5th Cir. 2022) (explaining that the court cannot "permit discovery against the immunity-asserting defendants before it rules on their defense" and that "a plaintiff must survive the . . . qualified immunity defense[] *without any* discovery") (emphasis original).[3]

The Court will enter a Rule 16 scheduling order, if necessary, once the qualified immunity issue is resolved.  If a claim survives the motion on immunity grounds, then the parties

---

[2] After the issue of qualified immunity is resolved, an additional summary-judgment motion on any or all remaining issues may be filed if need be.  *See* LR 56.2(b).

[3] The Court notes that if the defendant chooses to file a motion for summary judgment, the plaintiff may request discovery under Rule 56(d), if appropriate.  *See Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) (explaining that under certain conditions, the court must permit discovery "to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose").

2

are entitled to all appropriate discovery, even discovery that does not relate to the qualified immunity defense.  *See Zantiz v. Seal*, 602 F. App'x 154, 159 (5th Cir. 2015).

**SO ORDERED.**

Dated November 16, 2022.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE